1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
   San Francisco, CA  94105-2994
3  Telephone:  (415) 268-2000
4  Facsimile:   (415) 268-1999
   Email:      matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   WARNER BROS. RECORDS INC.; LOUD
7  RECORDS LLC; UMG RECORDINGS, INC.;
   ARISTA RECORDS LLC; BMG MUSIC; SONY
8  BMG MUSIC ENTERTAINMENT; and
   MOTOWN RECORD COMPANY, L.P.
9

10                  UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
11

12

13 WARNER BROS. RECORDS INC., a Delaware      CASE NO.
   corporation; LOUD RECORDS LLC, a
14 Delaware corporation; UMG RECORDINGS,      **COMPLAINT FOR COPYRIGHT
   INC., a Delaware corporation; ARISTA       INFRINGEMENT**
15 RECORDS LLC, a Delaware limited liability
   company; BMG MUSIC, a New York general
16 partnership; SONY BMG MUSIC
   ENTERTAINMENT, a Delaware general
17 partnership; and MOTOWN RECORD
   COMPANY, L.P., a California limited
18 partnership,
19                      Plaintiffs,
20
          v.
21
   JOHN DOE,
22                      Defendant.
23

24

25

26

27

28

1

## JURISDICTION AND VENUE

2    1.    This is a civil action seeking damages and injunctive relief for copyright infringement

3    under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

4    2.    This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal

5    question); and 28 U.S.C. § 1338(a) (copyright).

6    3.    Venue in this District is proper.  See 28 U.S.C. §§ 1391(b), 1400(a).  Although the

7    true identity of Defendant John Doe ("Defendant") is unknown to Plaintiffs at this time, on

8    information and belief, Defendant may be found in this District and/or a substantial part of the acts

9    of infringement complained of herein occurred in this District.  On information and belief, personal

10   jurisdiction in this District is proper because Defendant, without consent or permission of the

11   copyright owner, disseminated over the Internet copyrighted works owned and/or controlled by

12   Plaintiffs.  On information and belief, such illegal dissemination occurred in every jurisdiction in the

13   United States, including this one.  In addition, Defendant contracted with an Internet Service

14   Provider ("ISP") found in this District to provide Defendant with the access to the Internet which

15   facilitated Defendant's infringing activities.

16

## PARTIES

17   4.    Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing

18   under the laws of the State of Delaware, with its principal place of business in the State of

19   California.

20   5.    Plaintiff Loud Records LLC is a corporation duly organized and existing under the

21   laws of the State of Delaware, with its principal place of business in the State of New York.

22   6.    Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the

23   laws of the State of Delaware, with its principal place of business in the State of California.

24   7.    Plaintiff Arista Records LLC is a limited liability company duly organized and

25   existing under the laws of the State of Delaware, with its principal place of business in the State of

26   New York.

27   8.    Plaintiff BMG Music is a general partnership duly organized and existing under the

28   laws of the State of New York, with its principal place of business in the State of New York.

1

Complaint for Copyright Infringement
Case No.
#32494 v1

1    9.    Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general

2    partnership, with its principal place of business in the State of New York.

3    10.    Plaintiff Motown Record Company, L.P. is a limited partnership duly organized and

4    existing under the laws of the State of California, with its principal place of business in the State of

5    California.

6    11.    The true name and capacity of Defendant are unknown to Plaintiffs at this time.

7    Defendant is known to Plaintiffs only by the Internet Protocol ("IP") address assigned to Defendant

8    by his or her ISP on the date and time of Defendant's infringing activity. See Exhibit A. Plaintiffs

9    believe that information obtained in discovery will lead to the identification of Defendant's true

10    name.

11                                          **COUNT I**

12                              **INFRINGEMENT OF COPYRIGHTS**

13    12.    Plaintiffs incorporate herein by this reference each and every allegation contained in

14    each paragraph above.

15    13.    Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of

16    exclusive rights under United States copyright law with respect to certain copyrighted sound

17    recordings, including, but not limited to, all of the copyrighted sound recordings on Exhibit A to this

18    Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted

19    Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright

20    Registration issued by the Register of Copyrights to each Plaintiff as specified on each page of

21    Exhibit A.

22    14.    Among the exclusive rights granted to each Plaintiff under the Copyright Act are the

23    exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted

24    Recordings to the public.

25    15.    Plaintiffs are informed and believe that Defendant, without the permission or consent

26    of Plaintiffs, has continuously used, and continues to use, an online media distribution system to

27    download and/or distribute to the public certain of the Copyrighted Recordings. Exhibit A identifies

28    the IP address with the date and time of capture and a list of copyrighted recordings that Defendant

2

1    has, without the permission or consent of Plaintiffs, downloaded and/or distributed to the public.

2    Through his or her continuous and ongoing acts of downloading and/or distributing to the public the

3    Copyrighted Recordings, Defendant has violated Plaintiffs' exclusive rights of reproduction and

4    distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and/or exclusive

5    rights under copyright. (In addition to the sound recordings listed on Exhibit A, Plaintiffs are

6    informed and believe Defendant has, without the permission or consent of Plaintiffs, continuously

7    downloaded and/or distributed to the public additional sound recordings owned by or exclusively

8    licensed to Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of

9    infringement are ongoing. Exhibit A includes the currently-known total number of audio files being

10   distributed by Defendant.)

11        16.    Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on

12   each respective album cover of each of the sound recordings identified in Exhibit A. These notices

13   of copyright appeared on published copies of each of the sound recordings identified in Exhibit A.

14   These published copies were widely available, and each of the published copies of the sound

15   recordings identified in Exhibit A was accessible by Defendant.

16        17.    Plaintiffs are informed and believe that the foregoing acts of infringement have been

17   willful, intentional, and in disregard of and with indifference to the rights of Plaintiffs.

18        18.    As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights

19   under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) against

20   Defendant for each infringement of each copyrighted recording. Plaintiffs further are entitled to

21   their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

22        19.    The conduct of Defendant is causing and, unless enjoined and restrained by this

23   Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated

24   or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502

25   and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing

26   Plaintiffs' copyrights, and ordering that Defendant destroy all copies of copyrighted sound

27   recordings made in violation of Plaintiffs' exclusive rights.

28

3

Complaint for Copyright Infringement
Case No.
#32346 v1

1    WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

2        1.    For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.,* download) any of Plaintiffs' Recordings or to distribute (*i.e.,* upload) any of Plaintiffs' Recordings, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2.    For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3.    For Plaintiffs' costs in this action.

4.    For Plaintiffs' reasonable attorneys' fees incurred herein.

5.    For such other and further relief as the Court may deem just and proper.

Dated: September 20, 2007

HOLME ROBERTS & OWEN LLP

By: _____
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
WARNER BROS. RECORDS INC.;
LOUD RECORDS LLC; UMG
RECORDINGS, INC.; ARISTA
RECORDS LLC; BMG MUSIC; SONY
BMG MUSIC ENTERTAINMENT; and
MOTOWN RECORD COMPANY, L.P.

4

Complaint for Copyright Infringement
Case No.
#32346 v1

# EXHIBIT A

## JOHN DOE

**IP Address:** 138.202.222.153 2007-01-26 17:47:51 EST            **CASE ID#** 116128992

**P2P Network:** AresWarez            **Total Audio Files:** 273

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Warner Bros. Records Inc. | Devo | Whip It | Freedom of Choice | 17-936 |
| Loud Records LLC | Wu-Tang Clan | Gravel Pit | The W | 298-336 |
| UMG Recordings, Inc. | Abba | Money, Money, Money | Arrival | N38737 |
| Arista Records LLC | Ace of Base | The Sign | The Sign | 169-749 |
| UMG Recordings, Inc. | George Strait | Today My World Slipped Away | Carrying Your Love With Me | 238-679 |
| BMG Music | Dave Matthews Band | Ants Marching | Under the Table and Dreaming | 285-688 |
| SONY BMG MUSIC ENTERTAINMENT | Michael Jackson | Black Or White | Dangerous | 178-165 |
| BMG Music | Eve 6 | Promise | Horrorscope | 285-024 |
| Motown Record Company, L.P. | Rick James | Super Freak | Street Songs | 25-800 |