**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7  IN THE UNITED STATES DISTRICT COURT

8  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  SAN JOSE DIVISION

10  Warner Brothers Records, Inc., et al.,          NO. C 07-04849 JW

11                    Plaintiffs,          **ORDER GRANTING EX PARTE**
      v.                                   **APPLICATION FOR LEAVE TO TAKE**
12                                         **IMMEDIATE DISCOVERY**
    John Doe,
13
                      Defendant.
14  _____/

15          Plaintiffs move *ex parte* for leave to take immediate discovery to obtain the identity of

16  Defendant Doe, an alleged copyright infringer.  Plaintiffs allege that they tracked the Internet

17  Protocol ("IP") address associated with Defendant's activity online, and that the tracking showed

18  Defendant provided copyrighted files for others to download.  The IP address associated with

19  Defendant's activity online on January 26, 2007 is: 138.202.222.153.  (See Complaint, Ex. A,

20  Docket Item No. 1.)

21          Although parties must generally confer prior to seeking expedited discovery, that

22  requirement may be dispensed if good cause is shown.  See Fed. R. Civ. P. 26(d); Semitool, Inc. v.

23  Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).  When the identity of a

24  defendant is not known prior to filing a complaint, the court should give the plaintiff an opportunity

25  to identify the defendant through discovery, "unless it is clear that discovery would not uncover [the

26  defendant's] identity[], or that the complaint should be dismissed on other grounds."  Gillespie v.

27  Civletti, 629 F.2d 637, 642 (9th Cir. 1980.)  Although the Family Education Rights and Privacy Act

28

United States District Court

For the Northern District of California

1  generally prohibits disclosure of certain records by federally-funded education institutions, it

2  provides that information can be disclosed pursuant to court order.  20 U.S.C. § 1232g(b)(2)(B).

3       Plaintiffs contend that they have evidence to make a *prima facie* case of copyright

4  infringement against Defendant, and that they have identified the Internet Service Provider ("ISP")

5  that provided Internet access to Defendant.  (Plaintiffs' *Ex Parte* Application for Leave to Take

6  Immediate Discovery, Docket Item No. 4.)  The ISP has subscriber activity log files that may allow

7  Plaintiffs to identify Defendant by IP address.  Plaintiffs further contend that the records kept by

8  ISPs are regularly destroyed, sometimes on a daily or weekly basis.  Thus, the Court finds that

9  Plaintiffs have demonstrated good cause for expedited discovery.  (Id.)

10      Accordingly, the Court GRANTS Plaintiffs' *Ex Parte* Application for Leave to Take

11  Immediate Discovery.  Plaintiffs shall serve immediate discovery on the University of San Francisco

12  to obtain the identity of Defendant by serving a Rule 45 subpoena that seeks documents identifying

13  Defendant, including Defendant's name, current (and permanent) address, telephone number, and

14  email address.  This order is limited to the discovery of information associated with the IP address,

15  138.202.222.153 on March 26, 2007 at 17:47:51 EST.

16      The disclosure of this information is ordered consistent with the obligations of 20 U.S.C. §

17  1232g(b)(2)(B).  Under that provision, the University of San Francisco shall notify students subject

18  to the subpoena and their parents "in advance of the compliance" with the subpoena.  Id.  If the

19  University of San Francisco and Defendant wishes to move to quash the subpoena, they shall do so

20  before the return date of the subpoena.

21      Plaintiff shall use the information disclosed in response to the Rule 45 subpoena solely in

22  connection with this case and for the purposes of protecting Plaintiffs' rights under the Copyright

23  Act.

24

25  Dated:  October 12, 2007                    _James Ware_____

26                                              JAMES WARE
                                                United States District Judge

27

28                                      2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Matthew Franklin Jaksa matt.jaksa@hro.com

**Dated:  October 12, 2007**                                    **Richard W. Wieking, Clerk**

                                                              By:___/s/ JW Chambers_____
                                                                   **Elizabeth Garcia**
                                                                   **Courtroom Deputy**

United States District Court

For the Northern District of California